UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL NATIONAL MORTGAGE,

    Plaintiff,

v.                                                 Case No. 8:20-cv-25-T-60AAS

GARY LEE WOODROFFE and
RHEMA PROGRESSIVE INC.,

    Defendants.
_____/

## ORDER DISMISSING VERIFIED PETITION
## FOR REMOVAL AND REMANDING CASE

This matter is before the Court on Defendant Gary Lee Woodroffe's "Verified Petition for Removal."[1] (Doc. 1). Upon review, the Court dismisses Woodroffe's petition and remands this case.

The underlying state court foreclosure action was originally filed in 2012. *See JP Morgan Chase Bank N.A. v. Woodroffe*, No. 2012-CA-008232 (Fla. 12th Jud. Cir. Ct.).[2] Following years of court proceedings, stalled by several improper removals to federal court by Woodroffe, the state court entered a final foreclosure judgment on October 4, 2016. *Id.* Woodroffe's appeal of the final foreclosure judgment was dismissed on December 26, 2017. *Woodroffe v. Fed. Nat'l Mortg.*, No. 2D16-4990

---

[1] Woodroffe's petition for removal does not comply with 28 U.S.C. § 1446 and Local Rule 4.02(b), which require the removing party to provide the Court with a copy of all process, pleadings, orders, and other papers then on file in the state court.

[2] Federal courts may take judicial notice of state court records. *See United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015).

(Fla. 2d DCA). On January 4, 2020, the state court granted a writ of possession. (Doc. 1 at 18).

Post-judgment removal is only permitted in limited circumstances. *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 627 (11th Cir. 2019) (citing *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198–99 (11th Cir. 1991); *Resolution Trust Corp. v. Bakker*, 51 F.3d 242, 244–46 (11th Cir. 1995)). This is not one of those circumstances. When a defendant in a foreclosure action attempts "to remove [a] foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment." *Id.* at 628 (11th Cir. 2019) (citing *Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011)). Further, federal court review of a state court's award of a writ of possession violates the *Rooker-Feldman* doctrine. *See Carr v. U.S. Bank as trustee for TBW Mortg. Backed Tr. Series 2006-6*, 793 F. App'x 971, 974 (11th Cir. 2019). As such, the Court finds that Woodroffe's "removal was improper and did not vest jurisdiction over the underlying case" in this Court.[3] *See Aurora*, 762 F. App'x. at 628–29 (citing *Jackson*, 924 F.2d at 198 n.8).

The Court notes that Woodroffe has previously attempted to improperly remove state court actions – including this particular state court foreclosure case – on several occasions. *See, e.g.*, *Woodroffe v. Coffin*, No. 8:18-cv-3023-T-23CPT, 2019 WL 4718965, at *1 (M.D. Fla. June 27, 2019), *report and recommendation adopted*, No. 8:18-CV-3023-T-23CPT, 2019 WL 4694736 (M.D. Fla. Sept. 26,

---

[3] The Court further notes that Woodroffe has not met his burden to establish subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332.

2019); *Woodroffe v. State of Fla.*, No. 8:15-cv-2610-T-27JSS, 2016 WL 375067 (M.D. Fla. Jan. 29, 2016). Woodroffe is warned that he may be subject to sanctions if he continues to improperly remove state court actions. *See, e.g.*, *Retreat at Stonecrest: Apartments v. Chisolm*, No. 1:18-CV-5362-AT, 2018 WL 6715764, at *1 (N.D. Ga. Nov. 29, 2018); Fed. R. Civ. P. 11(c).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The "Verified Petition for Removal" (Doc. 1) is **DISMISSED**.
2. This case is **REMANDED** to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida.
3. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of April, 2020.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**